OPINION OF THE COURT
Frank C. Bowers, Jr., J.
On September 7, 1977 the petitioners herein, through an order of this court, adopted their son, Robert Dale Crane. By petition dated September 25, 1978 the petitioners requested that this court abrogate the adoption, alleging they found subsequent to the adoption that the child is severely emotionally disturbed and requires extensive expensive medical treatment. The petitioners claim this condition of their son existed prior to the adoption, was known or should have been known *907 by the authorized agency through which the adoption was effected, and was not made known to them. They allege that the medical costs to treat their child "will totally and completely exhaust their assets and resources and result in their being financially destitute.”
During the pendency of this proceeding the petitioners and the authorized agency, Greer-W oodycrest Children’s Services, through their attorneys, entered into a written stipulation wherein, inter alia, those parties agreed that this court amend the afore-mentioned order of adoption so as to permit the petitioners to make application to the New York State Department of Social Services for the payment of a medical subsidy for their child. Also during the pendency of this proceeding, following notification from Greer-W oodycrest of this proceeding, on application, the Department of Social Services of the City of New York was allowed to intervene. A contractual relationship exists between Greer-W oodycrest for the supply of child care services, and the subject child came within the ambit of that agreement.
Following the stipulation above mentioned, between the petitioners and Greer-W oodycrest, the petitioners moved for "an Order pursuant tb Domestic Relations Law, Sec. 114 to open said Order [of adoption] and allow for financial subsidization as allowed by law”. The Department of Social Services of the City of New York strongly opposes the motion arguing among other things that this court has no jurisdiction to amend its order of adoption, and that the stipulation between the petitioners and Greer-W oodycrest is of no effect. GreerWoodycrest supports the department’s arguments concerning jurisdiction, and explains its stipulation as an attempt to help the petitioners where it can do so legally.
At this time this court does not reach these questions regarding abrogation, amendment, opening, vacating, or setting aside the order of adoption. Help is available to the petitioners under title 9 of the Social Services Law. Section 454 of that law provides for a medical subsidy for an adopted child who is handicapped. Subdivision 4 of that section allows a postadoption application for such subsidy under conditions which may apply in this case. The thorny question may be whether or not title 9 applies at all to this case. Section 4 of chapter 865 of the Laws of 1977 (tit 9) reads as follows: "This act shall take effect on the ninetieth day next succeeding the date on which it shall have become a law and shall apply only *908 to children who have been adopted or placed out for adoption on or after such date.” The act became a law on August 11, 1977, effective November 9, 1977. The order of adoption herein was September 7, 1977. This court reads section 4 of chapter 865 to mean that the act shall apply to children adopted on or after the date the act became law, that is that the words "such date” refer to the words "the date” on which it shall have become a law. The intent of the Legislature was a charitable one "to promote permanency of family status” (Social Services Law, § 450) and should be construed in a fashion to support this intent.
In this case, the petitioner’s family has allegedly reached a crisis point due to the large medical bills being incurred by the adopted child. Without some assistance the stability of the family unit could be threatened. By reading the statute in the manner described above, this court intends to promote the stability of the adoptive family. Having thus decided that the adoptive family in this case is eligible to apply for subsidy, the petitioners are directed to pursue that avenue for relief. In so doing, this court expresses no opinion as to petitioners’ entitlement to a subsidy. Such entitlement must be determined by the appropriate Department of Social Services agency according to their rules and regulations.
This shall constitute the decision and order in this matter. You are advised to serve a copy of an order based upon this decision, with notice of entry, upon all parties, to commence the time for appeals (Family Ct Act, § 1112). You are further advised that your right to appeal is strictly governed by article 11 of the Family Court Act and the rules of this judicial department.